Not for Publication

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| SAHIL RAM,<br><br>        Plaintiff,<br><br>v.<br><br>JOHN DOE & JANE DOE,<br><br>        Defendants. | Civil Action No.: 22-4413 (ES) (MAH)<br><br>OPINION |

**SALAS, DISTRICT JUDGE**

Plaintiff Sahil Ram, an inmate at South Woods State Prison ("SWSP") in Bridgeton, New Jersey, is proceeding *pro se* with a civil rights complaint pursuant to 42 U.S.C. § 1983. (*See* D.E. No. 1 ("Complaint" or "Compl.")). The Court has screened the Complaint pursuant 28 U.S.C. § 1915A(a) and 42 U.S.C. § 1997e(c) to determine whether the Court should dismiss it as frivolous or malicious, for failure to state a claim upon which the Court may grant relief, or because it seeks monetary relief from a defendant who is immune from suit. For the reasons below, the Court **DISMISSES** the Complaint in its entirety *without prejudice*.

## I.    BACKGROUND[1]

According to Plaintiff, in November 2021, while he was incarcerated at Northern State Prison ("NSP"), prison dieticians served him cold, unsanitary food. (*See* Compl. at 6).[2] Plaintiff "was so hungry that [he] was practically forced to eat it." (*Id.*).

---

[1]    The Court construes the well-pleaded factual allegations of the Complaint as true for the purpose of this Opinion. *See Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

[2]    Unless otherwise noted, pin cites to Docket Entry Number 1 refer to the pagination automatically generated by the Court's electronic filing system.

Soon thereafter, Plaintiff alleges that he began to experience headaches, stomachaches, and fatigue. (*Id.*). Plaintiff also noticed parasites in his bowel movement. (*Id.*). Plaintiff alerted prison medical staff, who ordered Plaintiff to provide them with stool samples. (*Id.*). However, medical staff told Plaintiff that the tests came back inconclusive. (*Id.*).

According to the Complaint, in February 2022, officials transferred Plaintiff to Southwoods State Prison ("SWSP"), and he immediately notified the medical staff there "of his issues." (*Id.*). Plaintiff's symptoms got progressively worse, but medical staff insisted that nothing was wrong with him. (*Id.*). The medical staff told him that he would be scheduled for an ultrasound and would see a gastrointestinal specialist, but neither has happened. (*Id.*). Officials merely prescribed Plaintiff ibuprofen, Tylenol and naproxen for pain. (*Id.*).

Plaintiff initiated this matter by filing the Complaint with the Court on or around July 5, 2022. (*See id.*). The Complaint names "John and Jane Doe" dieticians and medical officials at the NSP as defendants. (*See id.* at 1 & 4).

## II.     STANDARDS OF REVIEW

District courts must review complaints in civil actions in which a prisoner seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(a), or brings an action with respect to prison conditions, *see* 42 U.S.C. § 1997e(c). District courts may *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which the court may grant relief, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1). Because Plaintiff has initiated an action pursuant to 42 U.S.C. § 1983 with respect to prison conditions and has named "John and Jane Doe" dieticians and medical officials at the NSP as defendants, screening is appropriate in this case.

The legal standard for dismissing a complaint for failure to state a claim pursuant to Sections 1915A(a) and 1997e(c) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010). A court properly grants a motion to dismiss pursuant to Rule 12(b)(6) if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief. *See Phillips*, 515 F.3d at 233.

To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts liberally construe *pro se* pleadings, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## III.   DISCUSSION

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. (*See* Compl.). To state a claim for relief under Section 1983, a plaintiff must allege: (i) that the conduct complained of was "committed by a person acting under color of state law;" and (ii) that the conduct deprived the plaintiff of a federally secured right. *Moore v. Tartler*, 986 F.2d 682, 685 (3d Cir. 1983). The Court liberally construes the Complaint as asserting Eighth Amendment conditions of confinement and inadequate medical care claims against the defendants. The Court addresses each claim in turn below.

### A. Conditions of Confinement Claims

The Court first addresses Plaintiff's conditions of confinement claims against "John and Jane Doe" prison dieticians regarding cold, unsanitary food. "The Constitution requires 'that prisoners be served nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it' . . . ." *Mora v. Camden County*, No. 09-4183, 2010 WL 2560680, at *8 (D.N.J. June 21, 2010) (quoting *Robles v. Coughlin*, 725 F.2d 12, 15 (2d Cir. 1983) (citation omitted)). Although an inmate's diet must provide adequate nutrition, corrections officials may not be held liable unless the inmate shows: (i) that the deprivation was sufficiently serious (an objective component); and (ii) that the officials acted with a sufficiently culpable state of mind (a subjective component). *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Duran v. Merline*, 923 F. Supp. 2d 702, 719–20 (D.N.J. 2013).

The first element is satisfied when an inmate is deprived of "the minimal civilized measure of life's necessities." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Isolated instances of contaminated or spoiled food do not amount to a sufficiently serious deprivation. *Duran*, 923 F. Supp. 2d at 720; *Nickles v. Taylor*, No. 09-0557, 2010 WL 1949447, at *5 (D.N.J. May 14, 2010) ("A single or occasional incident involving spoiled food is insufficient to show that Plaintiff has been denied life's necessities.").

The second element is satisfied when an inmate shows that officials acted with deliberate indifference to the inmate's health or safety. *Wilson*, 501 U.S. at 302–03. Deliberate indifference is a "subjective standard of liability consistent with reckless as that term is defined in *criminal* law." *See Nicini v. Morra*, 212 F.3d 798, 811 (3d Cir. 2000) (emphasis added). To be liable, the prison official must know of and disregard an excessive risk to inmate health or safety; the official

must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer*, 511 U.S. at 836–37. Nonetheless, a defendant's knowledge of a substantial risk of serious harm "can be proved indirectly by circumstantial evidence to the effect that the excessive risk was so obvious that the official must have known of the risk." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 131 (3d Cir. 2001).

Here, Plaintiff's allegations that dieticians served him cold, unsanitary food might amount to a sufficiently serious deprivation if it happened repeatedly, *see Duran*, 923 F. Supp. 2d at 719–20, but the Complaint fails to allege or plead sufficient facts for the Court to infer reasonably that officials served him unsanitary food on more than one occasion. Moreover, the Complaint also fails to allege or plead sufficient facts for the Court to infer reasonably that the prison dieticians acted with the requisite state of mind. *Farmer*, 511 U.S. at 836–37. For example, Plaintiff does not allege or plead any facts suggesting that the dieticians were subjectively aware that the food was unsanitary, but failed to reasonably respond and continued to serve it to him. Accordingly, the Court dismisses Plaintiff's conditions of confinement claims *without prejudice* for failure to state a claim.

### B. Inadequate Medical Care Claims

The Court next considers Plaintiff's claims against "John and Jane Doe" medical officials at NSP for inadequate medical care. The Eighth Amendment's prohibition against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). To state a claim of inadequate medical care in violation of the Eighth Amendment, an inmate must allege facts showing: (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Id.* at 106. To show deliberate indifference, a plaintiff must allege and plead enough factual matter

5

to allow the court to infer reasonably that the official was subjectively aware of a substantial risk of serious harm and that the official disregarded that risk. *See id.*; *Iqbal*, 556 U.S. at 678.

In this matter, Plaintiff fails to plead sufficient facts for the Court to infer reasonably that any particular John or Jane Doe defendant[3] knew of a substantial risk of serious harm to Plaintiff's health. For example, Plaintiff does not clearly allege to whom, if anyone, he described his symptoms, what particular symptoms he described, or what symptoms, if any, any particular defendant actually observed or detected such that the Court could infer reasonably that the defendants were aware of facts from which the inference could be drawn that a substantial risk of serious harm exists. *See Estelle*, 429 U.S. at 106; *Chapolini v. City of Philadelphia*, No. 22-284, 2022 WL 815444, at *16 (E.D. Pa. Mar. 17, 2022) ("Chapolini has not tied any of his allegations to any defendant. Instead, he states generally that medical and/or correctional staff refused the complaints but does not allege any specific individuals involved with the refusals."). Accordingly, the Court will dismiss Plaintiff's medical care claims *without prejudice* for failure to state a claim.

## IV. CONCLUSION

For the reasons stated above, the Court **DISMISSES** the Complaint in its entirety *without prejudice*. An appropriate order follows.

Dated: November 13, 2023               *s/ Esther Salas*
                                       **Esther Salas, U.S.D.J.**

---

[3] Although it is proper for a Section 1983 plaintiff to use a "Doe" pleading until such time as his or her identity can be learned through discovery, a plaintiff still must plead each Doe defendant's personal involvement in the alleged constitutional deprivation. *See Iqbal*, 556 U.S. at 676 ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").